Sandra Noël (SBN 195007)
*sandynoellaw@yahoo.com*
THE LAW OFFICES OF SANDRA L. NOËL
1255 W. Colton Ave., Suite 101
Redlands, CA 92374
Tel: (909) 307-9909 / Fax: (909) 307-9899
Attorney for Plaintiff

David Faustman (SBN 081862)
*dfaustman@foxrothschild.com*
Alan C. Chen (SBN 224420)
*achen@foxrothschild.com*
Yesenia M. Gallegos (SBN 231852)
*ygallegos@foxrothschild.com*
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 598-4150 / Fax: (310) 556-9828
Attorney for Defendant/Counterclaimant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DONALD MACLEOD, an individual,<br><br>Plaintiff,<br><br>vs.<br>EMERSON ELECTRIC CO., a California Corporation; EMERSON RETAIL SERVICES, INC., and TODD ZIMMERMAN, an individual<br>Defendants<br><br>EMERSON RETAIL SERVICES, INC., a Georgia Corporation,<br>Counterclaimant,<br>vs<br>DONALD MACLEOD, an individual, and DOES 1 through 10,<br>Counterdefendant | Case No. EDCV11-159 CJC (PLAx)<br>[Honorable Cormac J. Carney]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: August 20, 2010<br>Final Pre-trial Conference: October 15, 2012<br>Trial: October 23, 2012 |

/ / /

/ / /

The Court, having considered the parties' joint Stipulation for Entry of a Protective Order, and GOOD CAUSE appearing,

IT IS HEREBY ORDERED that the disclosure, production or designation of confidential documents in this action shall be governed as follows:

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) The names, or other information tending to reveal the identity of a party's supplier, distributor, or customer;

c) Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

d) Research and development information;

e) Proprietary engineering or technical information, including unpublished patent applications, product design, manufacturing techniques and drawings, processing information, drawings, memoranda and reports;

f) Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information

       related to financial condition or performance and income or other non-public tax information;

g) Information related to internal operations including personnel information;

h) Information related to past, current and future product development;

i) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

j) Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1. <u>Designated Material</u>.

1.1 Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all

information or material derived from it constitutes "Designated Material" under this Protective Order.

    1.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for settling or conducting the above-captioned litigation and any appellate proceeding relating thereto. Designated Material shall not be used by any party or person receiving them for any business or any other purpose. No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the terms of this Protective Order. For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

    2.    <u>Access to Designated Materials</u>.

    2.1    <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations set forth herein this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential.  Before designating any specific information or material "CONFIDENTIAL", the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

    a) The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

b)  Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

c)  Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party;

d)  Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Designating Party;

e)  Information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

f)  Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California; and

g)  Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information.

h)  The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

2.1.0   Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

2.1.1   Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

   2.1.2 Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

   2.1.3 Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3. Each consultant must sign a certification, attached hereto as Exhibit A, that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

   2.1.4 The parties, including the officersand/or employees of each of MacLeod and Emerson, who are reasonably necessary for the prosecution or defense of this action, including officers and/or employees of the parties' subsidiaries or parent companies. Designated officers and/or employees may include in-house counsel. However, to the extent the Designated Materials will be disclosed to Donald Macleod, the individual, Donald Macleod must sign a certification, attached as Exhibit A hereto, that he has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this court regarding the enforcement of this Order's provisions.

   2.1.5 The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

   2.1.6 Percipient Witnesses deposed in this action or who are called as witnesses at any hearing in this action. The witness must sign a certification,

attached hereto as Exhibit A, that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of the this Order's provisions.

  2.2  Materials Designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY": Subject to the limitations in this Protective Order, Designated Materials may be marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business. Nothing in paragraph 2.1 shall limit the information or material that can be designated "CONFIDENTIAL – OUTSIDEATTORNEYS' EYES ONLY" under this paragraph. Before designating any specific information "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Designating Party's counsel shall make a good faith determination that the information warrants such protection.

  2.2.0  Materials designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials may be disclosed only to the following Designees:

  2.2.1  Persons who appear on the face of Designated Materials marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as an author, addressee, or recipient thereof;

  2.2.2  Counsel for the parties to this action, as defined in section 2.1.2;

    2.2.3  Consultants for the parties to this action, as defined in section 2.1.3;

    2.2.4  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court; and

    2.2.5  Percipient Witnesses deposed in this action or who are called as witnesses at any hearing in this action.  The witness must sign a certification, attached hereto as Exhibit A, that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of the this Order's provisions.

   2.3  If any party wishes to disclose information or materials designated under this Protective Order as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification of Consultant pursuant to Section 3. Such identification shall include at least the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies or matters for the previous five (5) years, and all of the person's present employment or consultancies. The Designating Party shall have fifteen (10) days from receipt of such initial identification and signed certification to object in writing to disclosure to any individual so identified. The parties shall confer in an attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move for a protective order to prevent disclosure of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials to the individual under Local Rule 37.

STIPULATED PROTECTIVE ORDER
7

In the event that such a motion is madesuch Consultant(s) cannot have access to Designated Material until these relevant time periods expire, including for final resolution of any timely motion.

2.4     <u>Legal Effect of Designation</u>. The designation of any information or materials as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the Designated Materials constitute or contain any trade secret or confidential information. Except as provided in this Protective Order, no party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

2.5     Nothing herein in any way restricts the ability of the receiving party to use "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.

3.      <u>Certificates Concerning Designated Materials</u>. Each Consultant as defined in section 2.1.3, to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement of Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel who makes any disclosure of Designated Materials shall retain each original executed Acknowledgement of Stipulated Protective Order and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Consultant to the attorneys for the Designating Party pursuant to Section 2.3.

4.      <u>Use of Designated Materials by Designating Party</u>. Nothing in this Protective Order shall limit a Designating Party's use of its own information or

materials, or prevent a Designating Party from disclosing its own information or materials to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

     5.     <u>Manner of Designating Written Materials</u>.

     5.1     Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" whether in whole or in part, as follows:

5.2     The producing party shall designate materials by placing the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page so designated prior to production If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

     5.3     A designation of "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

     5.4     When a party wishes to designate as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

   5.4.1  Within ten (10days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

   5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

  5.5  Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

   5.5.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

   5.5.2  Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

   5.5.3  If "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

  6.  <u>Manner of Designating Deposition Testimony</u>.

  6.1  Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

  6.2 Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

  6.3 Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material. During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation). If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

  7. <u>Copies</u>. All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

  8. <u>Court Procedures</u>.

  8.1 <u>Disclosure of Designated Material to Court Officials.</u> Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by

the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

      8.2      <u>Filing Designated Materials with the Court</u>. Nothing in this Order shall vary the requirements for filing under Seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. If a party wishes to file with the Court any document, transcript or thing containing information which has been designated "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" the Party shall designate the material as set forth herein and file it with the Court in an application for filing under seal under the Local Rules of this Court, with the material bearing the legend: "[CONFIDENTIAL, or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER." The Application for Filing under Seal must show good cause for the under seal filing. Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If a filing party fails to designate information as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," any party who in good faith believes that designation and filing under seal is required by this Protective Order may move the Court to file said information under seal within five (5) days of learning of the defective filing. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file Designated Material under seal.

      8.3      <u>Retrieval of Designated Materials</u>. The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such

STIPULATED PROTECTIVE ORDER
12

Designated Materials from the Court following the final termination of the action (including after any appeals).

9.  <u>Objections</u>

9.1  A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

10.  <u>Client Communication</u>. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.  <u>No Prejudice</u>.

11.1  This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3  If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material. If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated. Within ten (10) days of receipt

of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof. If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

   11.4  Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, in deposition, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. At deposition, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material. At trial, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material. All confidentiality designations or legends placed pursuant to this Stipulated Protective Order shall be removed from any document or thing used as a trial exhibit in this case. The removal of such confidentiality designations or legends under the preceding sentence shall not affect the treatment of such documents and things as Designated Material under this Stipulated Protective Order. Upon request of a party, the parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing. Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

   11.5  Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines. All parties specifically reserve the right to demand the return of any privileged documents that

it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents.

  12.  <u>Modification and Survival</u>.

  12.1  <u>Trial</u>. The parties understand that this Protective Order does not extend to trial of this Action. Once the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

  12.3  <u>Survival and Return of Designated Material</u>. This Protective Order shall survive termination of this action prior to trial of this action. Upon final termination of the action prior to trial of this action, and at the written request of the Designating Party, all Designated Material, including deposition testimony, and all copies thereof, shall be returned to counsel for the Designating Party (at the expense of the Designating Party) or (at the option and expense of the requesting party) shall be destroyed. Upon request for the return or destruction of Designated Materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials. Counsel who have submitted one or more Certificate(s) prepared pursuant to Section 3 do not need to retain such Certificate(s) past the ninety (90) day period.

  12.4  <u>Archival Copies</u>. Notwithstanding the provisions for return or destruction of Designated Material, each counsel may retain its internal files of

pleadings, correspondence, work product, deposition and discovery materials, etc., as well as one copy of each item of Designated Material, for archival purposes.

13. <u>No Contract</u>. This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14. <u>Court's Retention of Jurisdiction</u>. The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

15. <u>Exception for Public Information</u>. Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

IT IS SO ORDERED.

Dated: March 1, 2012            _____
                                Paul L. Abrams
                                United States Magistrate Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER entered in the above captioned litigation, and that he/she fully understands and agrees to abide by the obligations and conditions thereof.

Dated: _____      _____
                                                                  (Signature)

                                                                  _____
                                                                  (Print Name)